Argued and submitted October 10, 1979, reversed February 5, 1980

BOYCE,
*Petitioner,*
*v.*
SAMBO'S RESTAURANT, INC.,
*Respondent - Cross-petitioner.*

(No. 77-6519, CA 13009)

605 P2d 1213

See also 39 Or App 615, 593 P2d 1178.

Lawrance L. Paulson, Portland, argued the cause for respondent - cross-petitioner. With him on the brief were Elizabeth L. Perris and McMenamin, Joseph, Herrell & Babener, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

[305]

TANZER, P. J.

## TANZER, P. J.

This is a workers' compensation claim for injury to claimant's left thumb. Claimant appeals, asserting that the Workers' Compensation Board's reduction of the referee's award from 60 degrees for 40 percent loss of use of his left hand to 22.5 degrees for 15 percent loss of use, was improper.[1]

Claimant injured his hand while ejecting a patron from a restaurant. The referee stated that there was no reason to question claimant's credibility, and synopsized claimant's testimony:

"Claimant testified any activity involving the exertion of pressure with his left hand causes pain in the base of his thumb which causes him to cease the activity. This includes such things as lifting a full jar or milk carton, lifting a basketball, using a hammer or shovel or mop, rolling the car window up or down, prolonged writing, etc. Anything that requires a grasping or grabbing motion—particularly if any strength or pressure is utilized—this workman is no longer able to do. After stopping the particular activity, the pain generally diminishes and claimant does not use pain medication."

The referee continued:

"The scientific measurements indicate claimant has a good range of motion of the left thumb. The closing report indicated, and claimant so testified, claimant has excellent apposition. He can pick up a coin from a table and has no difficulty with other light objects. However when strength is required, so that force or pressure is exerted, the entire left hand becomes essentially of no use. He is able to carry a bucket of water, since this only involves the use of the other four digits. If he were to push a heavy object with both hands, he would have to use that part of the base of the palm on the left hand which is farthest away from the thumb.

---

[1] Throughout the proceedings, compensation has been predicated without objection on loss of use of the hand for an injury to the thumb. Because no issue is made, we follow the same approach.

"After giving consideration to all the evidence, I conclude this is another case where the scientific measurement of impairment does not adequately measure the disability. It doesn't do a man much good to have a thumb with an excellent range of motion if he isn't able to use it for anything except the lightest of activities. After giving consideration to all the evidence, I conclude this workman has lost 40% of the use of his left hand. * * *"

Compensation is to be assessed for "loss of use," ORS 656.214(1)(a). The extent of loss of use does not necessarily correlate to the extent of mechanical impairment, although the latter is usually a relevant consideration. We agree with the approach and finding of the referee that claimant should be awarded 60 degrees for 40 percent loss of use of his left hand.

On the other issue raised, we concur with the referee and the Board.

Reversed.